Maria J. BARAJAS, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

Nos. 09–72642, 10–71263.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2012.*

Filed Oct. 15, 2012.

Leticia Torres Moreno, Law Offices of
Leticia T. Moreno, APC, Commerce, CA,
for Petitioner.

Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of
the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RAWLINSON, MURGUIA,
and WATFORD, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Maria J. Barajas petitions for review
of the Board of Immigration Appeals'
("BIA") order dismissing her appeal from
an immigration judge's ("IJ") removal order, and the BIA's order denying her motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the
petitions for review.

We lack jurisdiction to review the agency's discretionary determination that Barajas failed to show exceptional and extremely unusual hardship to her qualifying
relatives, and Barajas does not raise a colorable due process claim challenging this
hardship determination. *See Mendez–
Castro v. Mukasey,* 552 F.3d 975, 978 (9th
Cir.2009).

We also lack jurisdiction to review the
BIA's denial of Barajas' motion to reconsider the BIA's discretionary hardship determination, and Barajas does not raise a
colorable due process claim challenging the
BIA's denial. *See Vilchiz–Soto v. Holder,*
688 F.3d 642, 644 (9th Cir.2012) ("[T]he
BIA's denial of the motion to reconsider
falls outside the court's jurisdiction because the court cannot reconsider the discretionary, fact-based determination that
petitioners failed to demonstrate the requisite hardship.").

Barajas' remaining contentions are unavailing.

**PETITIONS FOR REVIEW DISMISSED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.